IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-00010 CW |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO VACATE GUILTY PLEA AND SENTENCE |
| v. | |
| GEORGE WILSON WASHINGTON, | |
| Defendant. | |
| _____/ | |

INTRODUCTION

Movant, a federal prisoner currently incarcerated at the Federal Correctional Institution in Lompoc, California, has filed this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent opposes the motion. For the following reasons, the motion is DENIED.

BACKGROUND

On December 18, 2008, Movant was charged in a criminal complaint with one count of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii). Movant faced a mandatory minimum prison sentence of ten years and a mandatory minimum five-year term of supervised release.

On September 23, 2009, after plea negotiations with Movant's defense counsel, the government filed a superseding information charging Movant with using a telecommunications facility in facilitating or committing a felony under 21 U.S.C. § 843(b). The government also alleged a prior felony narcotics conviction pursuant to 21 U.S.C. § 851. On this charge, Movant faced a

statutory maximum sentence of eight years in prison and a three-year term of supervised release. Movant plead guilty to the sole count of the superseding information and admitted the facts of his conduct in the plea agreement, which provided for a sentence of ninety-six months' imprisonment and three years' supervised release. At the change of plea hearing, the Court questioned Movant to ensure that he understood the nature and consequences of his plea. Movant answered that he understood the agreement, and the Court made a finding that the plea was knowing and voluntary. Ex. A at 12-19.

On December 9, 2009, the Court sentenced Movant according to the terms of the plea agreement: ninety-six months' imprisonment, three years' supervised release, a $100 special assessment, and forfeiture of a motor vehicle used in facilitating the offense.

On July 23, 2010, Movant filed this motion. Movant claims that he did not receive effective assistance of counsel, arguing that defense counsel failed to object during the sentencing proceeding. He also claims that he did not understand the sentencing proceeding due to the "confusion of the moment." Mot. at 5.

LEGAL STANDARD

I. Section 2255

A prisoner, in custody under sentence of a federal court, making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under section 2255, a federal

sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).

II. Ineffective Assistance of Counsel

The Sixth Amendment right to counsel guarantees effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance of counsel claim, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficient performance resulted in prejudice to the defendant. Id.

To show that counsel's performance was deficient, a defendant must show that the performance fell below an objective standard of reasonableness. Id. at 688. The relevant inquiry is not what counsel could have done, but whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir. 1998). A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

The defendant must also show that counsel's deficient performance resulted in prejudice to the defendant. To do this, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

DISCUSSION

I. Ineffective Assistance of Counsel

Movant, in the plea agreement, waived his right to make a § 2255 motion, except for claims of ineffective assistance of counsel. Plea Agreement ¶ 5. Dkt. 27.

A. Failure to Object

Movant argues that his counsel was ineffective because he did not object during the sentencing hearings. He claims that "clearly sustainable objections should have been made with regard to the confusion that ruled throughout the procedure." Mot. at 5. In claiming "confusion," Movant appears to be referring the exchange between the Court and the parties during the sentencing hearing regarding Movant's criminal history. Ex. B at 4-6. The pre-sentence report alluded to a criminal history of both two and three, while the prosecution indicated that it was two. Once the Court pointed out the discrepancy to the parties, all parties agreed that the correct number was three. Ex. B at 6.

Defense counsel enjoys a presumption that his conduct constituted effective assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984). Counsel's conduct was not ineffective. He secured a plea agreement providing for ninety-six months' imprisonment when Movant faced a minimum of 120 months in prison if he were to have been convicted of the original charges brought against him. Counsel explained to the Court that the agreement was "a result of extensive bargaining with the Government, the client's been informed all the way along, and it is the result that we have recommended to him." Later in the proceeding, Movant spoke to the Court, thanking defense counsel "for doing [. . .]

4

all he can, in this situation." Ex. B at 12. There was no need for counsel to object when all parties confirmed the Court's understanding of the criminal history. Even assuming that counsel's negotiation constituted deficient performance, Movant cannot, and does not attempt to, show that he suffered prejudice.

B. Movant's Understanding of the Proceeding

Movant also claims that he did not have a full understanding of the sentencing proceeding, positing in his motion that if the Court, the Assistant U.S. Attorney, and the Probation Officer were confused, "how can it be expected of the defendant, a lay person of limited education possibly be confidently believe something or to understand over all of the confusion being presented in this Court proceeding?" Mot. at 5. The transcript provides no indication that Movant or any of the parties present did not understand the proceeding. In fact, his answers at the change of plea hearing demonstrate that he understood and assented to the terms of the agreement. The confusion Movant alludes to is merely a discussion about an inconsistency within the pre-sentence report on the criminal history score, which appeared in the report as both two and three. The parties clarified the issue and agreed that the correct score was three. Movant demonstrated a sufficient understanding of the substantive nature of the charges, the elements required for conviction, and the effects of the plea agreement. See Ex. A at 7-12.

CONCLUSION

For the foregoing reasons, Movant's motion to vacate his guilty plea and sentence is DENIED. (Docket No. 36).

IT IS SO ORDERED.

Dated: 11/23/2011

CLAUDIA WILKEN
United States District Judge